**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7485**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN BAUTISTA ALOMIA-TORRES, a/k/a Juan Baustista-Alomia,
a/k/a Luis Antonio Torres, a/k/a Edward Martinez, a/k/a Luis
Alfredo Martinez, a/k/a John the Jamaican, a/k/a John,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
Chief District Judge.  (3:97-cr-00040-FDW-2; 3:13-cv-00422-FDW)

———————

Submitted:  February 20, 2014    Decided:  February 25, 2014

———————

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Juan Bautista Alomia-Torres, Appellant Pro se.  Michael E.
Savage, Jennifer A. Youngs, Assistant United States Attorneys,
Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Bautista Alomia-Torres seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis. He also seeks to appeal the order denying his motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Alomia-Torres has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

2

Additionally, we construe Alomia-Torres' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Alomia-Torres' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3